IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21cr30011-03-DWD |
| | ) |
| Cedric A. Sheard, Jr, | ) |
| | ) |
| Defendant. | ) |

**ORDER REGARDING PRE-TRIAL
DISCOVERY AND MOTION PRACTICE**

**IT IS HEREBY ORDERED** that:

(1) Within **7 days** after arraignment the United States Attorney and the defendant's attorney shall meet and confer concerning discovery and each shall, at a minimum, comply with the provisions of Federal Rule of Criminal Procedure 16 regarding disclosure of evidence. Any agreements reached concerning discovery, to include agreements concerning the use or dissemination of discovery, shall be memorialized in writing between counsel. The parties, and counsel, shall be bound by any such agreements. Such agreements may only be modified in writing by consent of both counsel or by court order. All discovery, whenever produced, shall be tendered in non-encrypted, readily-readable (e.g., Adobe.pdf) format.

(2)     Pursuant to the Due Process Protections Act of 2020, counsel for the Government and counsel for the Defendant are hereby notified of the Government's disclosure obligations under *Brady v. Maryland,* 373 U.S. 83, 87 (1963), and its progeny. The Government has a constitutional duty to disclose material evidence that is favorable to the Defendant, including evidence that would tend to impeach the credibility of the Government's witnesses. *See Kyles v. Whitley*, 514 U.S. 419, 432–433 (1995); *Giglio v. United States*, 405 U.S. 150, 153–155 (1972); *Brady*, 373 U.S. at 87. Accordingly, pursuant to Fed. R. Crim. P. 5(f), the Government is **ORDERED** to produce all exculpatory evidence to the Defendant pursuant to *Brady* and its progeny. A failure to do so in a timely manner may result in sanctions, including the granting of a continuance, mandatory discovery training, exclusion of evidence, adverse jury instructions, dismissal of charges, or any other sanction the Court deems appropriate. Further, certain violations may warrant the initiation of contempt proceedings.

(3)     A declination of any requested disclosure shall be in writing, directed to opposing counsel, and signed personally by the attorney representing the declining party. It shall specify the types of disclosure that are declined. Any party seeking to challenge the declination shall proceed pursuant to subsection (4) below.

(4)     If additional discovery is sought, the party seeking it shall confer with opposing counsel within **14 days** of the arraignment and attempt to satisfy these requests in a cooperative atmosphere without involvement by the court.

(5)  If no agreement is reached regarding the additional discovery, a motion shall be filed within **28 days** of the arraignment and supported by a memorandum of law. The motion shall contain:

    (a)  a statement that the prescribed conference was held;
    (b)  the date of the conference;

    (c)  the name of the attorneys participating in the conference; and
    (d)  a statement that agreement could not be reached concerning the discovery that is the subject of the motion.

(6)  If a party desires to file any other motion, **including a motion to dismiss the indictment or a motion to suppress**, the motion shall be filed within **42 days** of the arraignment and supported by a memorandum of law. The opposing party shall file a response within **14 days** of the date the motion was filed, unless otherwise ordered by the court. **Any request to continue the initial trial setting shall include a request to likewise extend the deadline for filing pretrial motions, if additional time is needed**.

(7)  If defendant is placed in the custody of the United States Marshals Service at any time during the pendency of this action, upon receipt of written communication from the United States Attorney's Office which states that the Assistant United States Attorney and counsel for defendant agree and consent to temporarily transfer custody of defendant, the United States Marshals Service is authorized to temporarily transfer custody of defendant to another federal law enforcement agency for the purpose of furthering a legitimate law enforcement purpose. The transfer shall be done in coordination with and at the direction of the United States Marshals Service. If

defendant's custody is temporarily transferred to a federal law enforcement agency pursuant to this authority, federal law enforcement agents to whom custody is transferred shall be present with defendant at all times. Agents of that federal law enforcement agency shall be responsible for the safe and secure custody and well-being of defendant while defendant is in the temporary custody of that federal law enforcement agency.

Dated: February 25, 2021

s/Gilbert C. Sison
**Hon. Gilbert C. Sison**
**United States Magistrate Judge**
