IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CR-30011-DWD |
| | ) |
| LAGARDO R. WRIGHT, | ) |
| AIJEIGH T. MCSHAN, and | ) |
| CEDRIC A. SHEARD, JR., | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' MOTION FOR ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Luke J. Weissler, Assistant United States Attorney for said district, respectfully moves this Court to enter an order governing the production of discovery in this case, as explained below:

1.    The indictment in this case contains six counts that charge the defendants with Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349) and Bank Fraud, Aiding and Abetting (18 U.S.C. §§ 1344(2), 2).

2.    Pursuant to the orders entered by Magistrate Judges Sison and Beatty, the parties have conducted discovery conferences in this case. During those conferences, the undersigned AUSA informed defense counsel that the volume of discovery materials to be produced in this case is significant.  In particular, the nature of the charges resulted in a large volume of financial records and two cellphone extractions riddled with personal identifying information ("PII"), including the PII of potential witnesses and victims.

3. Because of the volume of materials to be disclosed to the defense, including over 120,000 text messages, redaction of PII in this case is impracticable. Administrative personnel of the United States Attorney's Office would be required to spend hours upon hours reviewing every page and message to be produced and redacting any PII they found. This would significantly delay production of discovery materials, arguably affecting the defendants' Speedy Trial rights.

4. Title 5, United States Code, Section 552a(b) states: "No agency shall disclose any record which is contained in a system of records by any means of communication, to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless . . . ." For purposes of this statute, "record" is defined as "any item, collection, or grouping of information about an individual . . . including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual . . . ." 5 U.S.C. § 552a(a)(4). The statute does permit disclosure of records containing PII "pursuant to the order of a court of a competent jurisdiction." 5 U.S.C. § 552a(b)(11).[1]

5. Federal Rule of Criminal Procedure 16(d)(1) grants district courts the authority to enter protective orders governing discovery in federal criminal cases.

6. For the reasons set forth in the preceding paragraphs, the United States respectfully requests that this Court enter an order that: (a) permits the Government to disclose discovery materials to defense counsel which contain PII; (b) prohibits defense counsel from publicly

---

[1] The United States also notes that the Local Rules of this Court contain provisions designed to prevent public disclosure of PII. *See* Local Rules of the Southern District of Illinois, Rule 5.1(d).

2

disclosing any materials which contain PII; and (c) prohibits defense counsel from providing copies of any materials containing PII to their clients.[2]

7. The undersigned Assistant United States Attorney asked defense counsel, Todd Schultz, Bobby Baily, and Joslyn Sandifer, if they had any objection to a discovery order and sent them a draft of the proposed order. They had no objection.

WHEREFORE, the United States of America respectfully requests this Honorable Court enter an order that (a) permits the Government to disclose discovery materials to defense counsel which contain PII; (b) prohibits defense counsel from publicly disclosing any materials which contain PII; and (c) prohibits defense counsel from providing copies of any materials containing PII to their clients.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/ Luke J. Weissler
LUKE J. WEISSLER
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
luke.weissler@usdoj.gov
(618) 628-3700
Fax:  (618) 628-3730

---

[2] The United States has no objection to defense counsel reviewing materials containing PII, interviewing reports, and grand jury testimony with their clients, so long as copies of these materials are not given to the defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30011-DWD |
| ) | |
| LAGARDO R. WRIGHT, ) | |
| AIJEIGH T. MCSHAN, and ) | |
| CEDRIC A. SHEARD, JR., ) | |
| ) | |
| Defendants. ) | |

**Certificate of Service**

I hereby certify that on May 10, 2021, I caused to be electronically filed the foregoing "United States' Motion for Order Governing Discovery" to be filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all attorneys of record.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/ Luke J. Weissler
LUKE J. WEISSLER
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
luke.weissler@usdoj.gov
(618) 628-3700
Fax:  (618) 628-3730